**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2474

———————

UNITED STATES OF AMERICA,

v.

EDWARD HOWARD, JR.,
a/k/a Bucky

EDWARD HOWARD JR.,
                                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 3-05-cr-00290-10)
District Judge:  Honorable James M. Munley

———————

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2010

———————

Before: BARRY, CHAGARES and VANASKIE, <u>Circuit Judges</u>

(Opinion Filed: November 30, 2010)

———————

OPINION

———————

BARRY, Circuit Judge

Edward Howard, Jr., pled guilty to a controlled substance offense and was sentenced to ninety-five months in prison, explicitly waiving his right to appeal his conviction and sentence. He now asks us to remand to the District Court for resentencing, arguing that his sentence was unreasonable. Because he has not demonstrated that his waiver of appeal was invalid or that to enforce the waiver would result in a miscarriage of justice, we will affirm the judgment of sentence.

**I.**

Because we write only for the parties, we discuss only the facts relevant to our analysis.

In November of 2005, Howard and twenty one others were indicted in connection with a methamphetamine operation that authorities began investigating in 1999. Pursuant to a negotiated agreement, Howard pled guilty to the attempted manufacture, distribution, and possession with intent to manufacture and distribute methamphetamine.

Howard's plea agreement stipulated, *inter alia*, that he "waive[d] the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of *United States v. Booker*, 125 S. Ct. 738 (2005)." App. at 41. The plea agreement further stated that "[p]ursuant to Rule 11 . . . defendant's

plea is knowing and voluntary, and is not the result of force or threats or promises apart from the promises set forth in this written plea agreement." App. at 42.

At the subsequent plea colloquy, the government recited the terms of the plea agreement, including the waiver of Howard's right to appeal his conviction and sentence. When asked by both the government and the District Court whether he understood those terms and voluntarily agreed to them, Howard replied affirmatively. The Court also directed the government to *voir dire* Howard concerning his signed Statement of Defendant, and when subsequently asked whether it was his "intention to knowingly and intentionally waive [his] right to appeal[,]" Howard again replied affirmatively. Change of Plea Transcript at 25. Specifically, Howard's Statement averred "that as part of the plea agreement, I am waiving my right to appeal and/or challenge my conviction and sentence, and the manner in which it was imposed." App. at 46.

Howard faced a statutory maximum prison sentence of twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Because, however, he had provided substantial assistance to authorities, the District Court granted the government's motion for a three-level downward departure in his offense level, yielding a Guidelines range of 87 to 108 months. Howard urged the Court to impose a sentence of "no greater than five years" – i.e., sixty months – in light of the nature of his criminal history, and his personal history of substance abuse, lack of education, and underemployment. App. at 75-77. The Court considered Howard's argument, the government's counter-argument for a within-

Guidelines sentence, and the factors enumerated in 18 U.S.C. § 3553(a), and sentenced Howard to ninety-five months in prison.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Howard argues that his sentence is unreasonable. Where, however, as here, the existence of an appellate waiver implicates the antecedent question of our jurisdiction to review the District Court's judgment of sentence, we first review the validity of the waiver, and our review is *de novo*. *See United States v. Khattak*, 273 F.3d 557, 560, 562 (3d Cir. 2001).

In *United States v. Jackson*, we rejected an appeal challenging the reasonableness of a sentence, at the high end of the Guidelines range, imposed on a defendant who pled guilty pursuant to a plea agreement that included an appellate waiver. *See United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008). In the course of doing so, we summarized the rule that we had laid down in *Khattak*, and clarified in *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007):

> Waivers of appellate rights, if entered into knowingly and voluntarily, are valid. A defendant's valid appellate waiver does not deprive this Court of jurisdiction over the defendant's claims, and we retain subject matter jurisdiction over the defendant's appeal despite the waiver. As we noted in *Gwinnett*, we will decline to exercise our jurisdiction to review the merits of an appeal where the defendant knowingly and voluntarily waived the right to appeal. Of course, we will review the merits of an appeal if the waiver expressly provides specific exceptions under which an appeal may be taken, provided the appeal implicates one of those exceptions.

Furthermore, we have recognized that there may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver, and in such cases we will exercise our jurisdiction over a waived appeal.

*Jackson*, 523 F.3d at 242 (internal alterations, quotation marks, and citations omitted).[1]

Howard concedes that he "waived his right to appeal," and that his "waiver of appeal, if valid, would prevent review of what [he] believes is an unreasonable sentence." Appellant's Br. at 7, 8. The record demonstrates that his waiver of appeal was valid; indeed, the District Court conducted a thorough plea colloquy to ensure that Howard's guilty plea was knowing and voluntary, as was his assent to the provisions of his plea agreement, including its waiver of the right to appeal. Accordingly, Howard has not met *Khattak*'s threshold requirement of proving that his waiver was unknowing or involuntary. *See Khattak*, 273 F.3d at 562; *Jackson*, 523 F.3d at 243-44 (waiver valid where record reveals a "thorough and proper" plea colloquy by the district court, and the defendant's awareness, "by her own admission," of the appellate waiver).

---

[1] In *Jackson* we proceeded to note:

While this Court has not articulated a precise definition of the phrase "miscarriage of justice," we have set forth several factors to consider when determining whether to enforce an otherwise proper appellate waiver. *See Khattak*, 273 F.3d at 563 (noting that this Court chose "not to earmark specific situations" in which to relieve the defendant of a waiver). These factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *See id.* (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir.2001)).

*Jackson*, 523 F.3d at 242-43. 5

Relying on the second prong of *Khattak*, Howard "requests that [his appellate] waiver not be enforced in order to prevent a miscarriage of justice." Appellant's Br. at 8. He then reprises the argument he presented to the District Court that his "sentence should take into account his history of addiction, his lack of education and his unsteady employment history." *Id.* at 9.[2] In so doing, however, he offers no evidence of "unusual circumstance[s] where a[ sentencing court's] error amount[s] to a miscarriage of justice" that merits setting aside an otherwise-valid waiver of appeal. *See Khattak*, 273 F.3d at 562. Indeed, he has alleged no error at all. Rather, in "contend[ing] that a sentence below the advisory guideline range is *necessary* to reflect the nature and circumstances of the crime and the history and characteristic [*sic*] of the Appellant[,]" Appellant's Br. at 11-12 (emphasis added), Howard misreads the law governing sentencing, and ignores the record's ample evidence of the Court's careful consideration of his arguments and all of the sentencing factors that the law required it to weigh.

A ninety-five month prison sentence undoubtedly is strong, but the record does not suggest a miscarriage of justice that would permit us to invalidate Howard's waiver and

---

[2] Presumably as evidence of his sentence's unreasonableness—i.e., in the sense that it was disproportionate to his offense—Howard also argues to us that he did not profit from the sale or distribution of methamphetamine, and that his underemployment "evidence[d] his need to manufacture methamphetamines for his own personal use." Appellant's Br. at 10. Aside from being unpersuasive in its own right, Howard did not make this argument before the District Court. Moreover, the record includes voluminous evidence that Howard was involved in a large-scale methamphetamine operation, a fact that the Court noted contemporaneous with its consideration of Howard's arguments and of Section 3553(a)'s sentencing factors.

thereby consider the merits of his appeal of his sentence.[3] We will affirm the judgment

of sentence.

---

[3] As we observed in *Jackson*:

> [I]t will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice. This case obviously does not present the "unusual circumstances" we contemplated in *Khattak*. Accordingly, we decline to exercise our jurisdiction over [the instant] appeal, as [appellant] has waived the ability to challenge [his] sentence of imprisonment[.]

*See Jackson*, 523 F.3d at 244.                    7